IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**FILED**

2013 JAN 30  A 9 42

CLERK
US BANKRUPTCY
ALEXANDRIA DIVISION

| In Re:<br>GEOFFREY A. ROWE,<br><br>Debtor,<br><br>_____<br><br>H. JASON GOLD, CHAPTER 7 TRUSTEE,<br><br>Appellant. | Civil Action No. 1:12-cv-1073<br><br>Appeal from Bankruptcy Case No. 09-20446-RGM |
|---|---|

## <u>Memorandum Opinion</u>

Before the Court is the appeal of Chapter 7 Trustee H. Jason Gold from the August 14, 2012 ruling of the Bankruptcy Court which approved Mr. Gold's final report in bankruptcy case No. 09-20446-RGM, awarded him certain fees and expenses, and also awarded certain fees and expenses to the law firm Mr. Gold retained as counsel in the case, Wiley Rein, LLP (Mr. Gold's own firm).

On appeal, Mr. Gold argues that the Bankruptcy Court erred by failing to treat his request for fees as a commission as required by the Bankruptcy Code, and by otherwise reducing his requested fee. Mr. Gold further argues that his attorney's fee was improperly reduced, and finally that he should not be out of pocket for certain bank and case management expenses he incurred while acting as trustee.

This Court has reviewed the briefing and supplemental authority submitted by Mr. Gold, as well as the relevant parts of the record. It now issues this order affirming the Bankruptcy Court's award of fees and expenses to Mr. Gold and his counsel (and the reductions it contains).

District courts review *de novo* questions of law appealed from bankruptcy courts. *Ford*

1

*Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994). On the other hand, district courts give great deference to bankruptcy courts on questions of fact, reversing only if the bankruptcy court's findings were "clearly erroneous." *Green v. Staples (In re Green)*, 934 F.2d 568, 570 (4th Cir. 1991).

Mr. Gold's appeal rests primarily on the legal argument that the Bankruptcy Court failed to treat his fee request as a request for commission, as required by 11 U.S.C. §§ 326(a), 330(a)(7). To support his argument, Mr. Gold relies on statements made by the bankruptcy judge during a hearing on the application for compensation. Specifically, the bankruptcy judge said, "The Trustee is at fault for not properly supervising this case . . . and for that reason I will allow his compensation based on his hourly rate but not on the compensation schedule in the code. That's $8020." (Dkt. No. 2, 10:10-14).

Mr. Gold apparently construes this statement by the court to mean that it was ignoring the commission-based calculations set forth in 11 U.S.C. § 326(a). However, the bankruptcy court made clear that it was basing its fee award on an hourly rate *instead of* the commission schedule. So the question becomes whether the bankruptcy court properly awarded Mr. Gold an amount below the statutory commission.

How courts should treat the commission calculations in § 326(a) is a subject of some debate. Some courts treat the terms of § 326(a) as a ceiling that functions only as such, and does not create any sort of "right to or standard for awarding compensation." *See In re Brous*, 370 B.R. 563, 568 (Bankr. S.D.N.Y. 2007). Others treat Congress's adoption of the fee schedule in § 326(a) as a sort of pre-approval of those amounts as reasonable. *See In re McKinney*, 383 B.R. 490 (Bankr. N.D. Cal. 2008).

Mr. Gold, unsurprisingly, urges this Court to adopt the standard that creates the strongest

presumption in favor of the statutory fee awards. He cites the Ninth Circuit Bankruptcy Appellate Panel for the proposition that trustee fees within the limits of § 326(a) should be presumed reasonable (and so awarded as requested) "absent extraordinary circumstances." *See In re Salgado-Nava*, 473 B.R. 911 (9th Cir. B.A.P. 2012). But the bankruptcy court's decision cannot be reversed even assuming *arguendo* that the approach most favorable to Mr. Gold is the law in the Fourth Circuit.

Whether circumstances are "extraordinary" is a factual matter, so this Court will only reverse the bankruptcy court's decision if it was clearly erroneous. Although the bankruptcy court's initial written order on Mr. Gold's fee request was relatively spartan, the court's order granting a stay for Mr. Gold to appeal the fee award makes it clear that the bankruptcy court had a factual basis to consider the circumstances surrounding Mr. Gold's fee request extraordinary. In particular, the bankruptcy court found that Mr. Gold delayed the administration of the estate for more than a year without excuse or reason, and that his delay was injurious to creditors, including the debtor's former spouse. *In re Rowe*, 2012 WL 4857043 (Bankr. E.D. Va., Oct. 12, 2012). Furthermore, the court found that Mr. Gold "failed to properly review and submit the fee application for his law firm," which he retained as counsel, and it turned out that the legal bill included substantial amounts of work that should have properly been done by the trustee. *Id.* Finally, the bankruptcy court found that Mr. Gold's delay caused the estate to sustain banking fees that it would not have otherwise incurred. *Id.*

The bankruptcy court found these factors sufficient to reduce Mr. Gold's compensation as trustee below the guidelines of § 326(a), found them sufficient to reduce the fee paid to the lawyers Mr. Gold employed as counsel, and found them sufficient to shift the cost of banking fees incurred as a result of the delay from the estate to Mr. Gold. This Court does not find any

clearly erroneous factual analysis to justify reversing the bankruptcy court's decision.

Therefore, the August 14, 2012 decision of Bankruptcy Judge Robert G. Mayer, approving the trustee's amended final report and awarding compensation to the trustee and his counsel, is **AFFIRMED**.

January 29, 2013
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge